NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
GREGG E. MARMARO (Cal. Bar No. Pending)
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8500/1786
    Facsimile: (213) 894-0141
    E-mail:   gregg.marmaro@usdoj.gov
                ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,   | CR No. 17-150-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| DANIEL MIRAMONTES, | Sentencing Date: July 28, 2020<br>Sentencing Time: 3:30 p.m. |
| Defendant. | Location:    Courtroom of the<br>Hon. Dolly M. Gee |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Gregg E. Marmaro and Ali Moghaddas, hereby files its Sentencing Position.

//

//

//

//

//

This position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 14, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
GREGG E. MARMARO
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On March 17, 2017, defendant DANIEL MIRAMONTES ("defendant") was indicted for possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and two counts of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  As a result of his conduct, defendant pleaded guilty pursuant to a plea agreement to count one, possession with intent to distribute methamphetamine, and count four, felon in possession of a firearm and ammunition.  (Dkt. 56.)  The United States Probation and Pretrial Services Office ("USPO") has filed its Presentence Investigation Report ("PSR").  (Dkt. 63.)  The PSR provides for a total offense level of 29, a criminal history category of IV, and, accordingly, a Guidelines imprisonment range of 121 to 151 months.  (PSR ¶ 109.)  The USPO also filed its recommendation letter in which it recommends a sentence of 121 months' imprisonment. (Dkt. 62.)

The government agrees with the Guidelines calculation set forth in the PSR, which is consistent with the parties' plea agreement.  After a 3-level reduction for acceptance of responsibility, defendant's applicable Guidelines range is 121 to 151 months.  Taking into account the factors identified in 18 U.S.C. § 3553(a), and consistent with the parties' plea agreement, the government recommends that the Court impose a sentence of 120 months' imprisonment, which represents a slight variance from the applicable Guidelines range, a five-year period of supervised release, and a mandatory special assessment of $200.

## II. STATEMENT OF FACTS

Defendant's offense conduct is set forth in the factual basis of the plea agreement, which states:

> On or about July 12, 2016, in Ventura County, within the Central District of California, in the center console of defendant's car, defendant knowingly and intentionally possessed at least 50 grams of pure methamphetamine, a Schedule II controlled substance, with the intent to distribute it to another person.
>
> On the same day, in Ventura County, within the Central District of California, in the center console of defendant's car, defendant knowingly possessed a firearm, namely a Sturm, model P89 Ruger, 9mm caliber semiautomatic pistol, bearing serial number 313-70226. This firearm was manufactured by Sturm, Ruger & Co. in Arizona before being recovered from defendant in California. The ammunition recovered from defendant was ten rounds of 9mm Luger caliber ammunition with headstamps "HORNADY." This ammunition was manufactured by Hornady Manufacturing in Nebraska before being recovered from defendant in California.
>
> At the time defendant possessed the firearm and ammunition, he knew he had been convicted of crimes punishable by imprisonment for a term exceeding one year. Specifically, defendant knowingly possessed the firearm and ammunition after he had been present in court and convicted of the following felony crimes, each punishable by a term of imprisonment exceeding one year:
>
> (1) Evading a Peace Officer, in violation of California Vehicle Code Section 2800.2(A), in the Superior Court of the State of California, County of Ventura, on or about September 27, 2002;
>
> (2) Petty Theft with Priors, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Ventura, in case number CR46123, on or about April 2, 1999; and
>
> (3) Petty Theft with Priors, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Ventura, in case number CR45898, on or about April 2, 1999.

**III. THE PRESENTENCE REPORT AND RECOMMENDATION LETTER**

The PSR calculated defendant's base offense level as 30 under U.S.S.G. § 2D1.1(a)(5). (PSR ¶ 35.) It then applied a two level increase pursuant to § 2D1.1(b)(1) since a dangerous weapon (<u>i.e.</u>, firearm) was possessed. Finally, it applied a three level reduction for acceptance of responsibility, for a total offense level of 29. (PSR ¶¶ 42-44.) The government concurs with the PSR's offense level calculation.

Additionally, after reviewing defendant's criminal history, the PSR also correctly calculated the defendant's criminal history category as category IV. (PSR ¶¶ 46-57.) Accordingly, the PSR correctly indicates that defendant's Sentencing Guidelines range is between 121 to 151 months. (PSR ¶ 109.) In its Recommendation Letter, the USPO recommended that the Court impose a sentence of 121 months' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $200. (Dkt. 62.)

**IV.  THE GOVERNMENT'S SENTENCING POSITION**

    **A.  A Custodial Sentence of 120 Months Is Mandatory, Appropriate and Justified**

The government's recommended sentence of 120 months' imprisonment, which represents a slight variance from defendant's Guidelines range, is mandatory pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). Moreover, the government's recommended sentence is appropriate and justified in light of the factors set forth under 18 U.S.C. § 3553(a), namely, the nature and circumstances of the offenses, the history and characteristics of defendant, and the need for the sentence to reflect the seriousness of the offenses and to afford adequate deterrence to criminal conduct. As discussed below,

3

a 120-month term of imprisonment, which falls slightly below the applicable Guidelines range, appropriately accounts for the aggravating and mitigating circumstances in this case, in addition to the defendant's criminal history.

First, the nature and circumstances of defendant's offenses are serious. See 18 U.S.C. § 3553(a)(1). On or about July 12, 2016, police officers responded to a domestic dispute call involving defendant and his wife, and subsequently found a folding knife, a loaded magazine belonging to 9mm handgun, over $2,000 in U.S. currency, and 0.4 grams of methamphetamine on defendant's person. (PSR ¶ 13.) Moreover, a search of defendant's car parked nearby revealed, inter alia, a loaded 9mm caliber semiautomatic Ruger pistol, 67.8 grams of methamphetamine, 23.4 grams of cocaine, 7.8 grams of heroin and 3.4 grams of marijuana. (Id. at ¶ 15.) The foregoing no doubt establishes the seriousness of the instant offenses.

Second, the government's recommended sentence appropriately takes into consideration defendant's history and characteristics. See 18 U.S.C. § 3553(a)(1). Defendant has a significant criminal history, including at least 3 felony convictions and 5 misdemeanor convictions. (PSR ¶¶ 48-55.) Defendant's criminal history demonstrates his unwillingness to conform his behavior to the laws of his community.

Third and finally, the government's recommended sentence addresses the seriousness of the offenses, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant. See 18 U.S.C. § 3553(a)(2). Defendant accepted responsibility for his actions by

admitting to his conduct and by pleading guilty.  Given the seriousness of defendant's offenses and his criminal history, however, a term of imprisonment is necessary to protect the public from further crimes of defendant and to deter defendant from engaging in future criminal conduct.  It is also necessary to deter others from engaging in similar conduct.  A 120-month custodial sentence and five-year period of supervised release adequately recognizes these considerations, including defendant's significant criminal history.

      **B.   The Recommended Supervised Release Term and Special Assessment Are Appropriate**

In light of the applicable statute, which calls for a mandatory minimum supervised release term of five years, and the seriousness of the instant offenses and defendant's history and characteristics, the imposition of a five-year term of supervised release is warranted.  A five-year term of supervised release, which is also recommended by the USPO (Dkt. 62), will provide supervision to help prevent defendant from committing further crimes.  Further, based on defendant's reported financial condition, the USPO has recommended that all fines be waived and defendant only be ordered to pay the mandatory special assessment of $200.  (Id.)  The government agrees with the USPO's assessment.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court impose a below Guidelines sentence of 120 months' imprisonment; a five-year term of supervised release; and a mandatory $200 special assessment.